Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:  (916) 443-6911
Facsimile:   (916) 447-8336
E-Mail:       mark@markmerin.com
                   paul@markmerin.com

Attorneys for Plaintiffs
MELISSA M. NEYLON and
SHAWN P. NEYLON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| MELISSA M. NEYLON and SHAWN P. NEYLON,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF INYO, INYO COUNTY SHERIFF'S OFFICE, BILL LUTZE, DOUGLAS RICHARDS, and DOES 1 to 50,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS**<br><br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

This action involves mistaken identity and the resulting wrongful arrest and incarceration of MELISSA M. NEYLON by employees of the COUNTY OF INYO and INYO COUNTY SHERIFF'S OFFICE.

**JURISDICTION & VENUE**

1.  This Court has jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331 (in that they arise under the United States Constitution); 28 U.S.C. § 1343(a)(3) (in that the action is brought to address deprivations, under color of state authority, of rights, privileges, and immunities secured by the United States Constitution). This Court has supplemental jurisdiction of the state law claims pursuant to 28 U.S.C. § 1367.

2.  On March 31, 2016, Plaintiffs MELISSA M. NEYLON and SHAWN P. NEYLON filed a government claim for personal injury with the Inyo County Board of Supervisors, via the Inyo County

1

Risk Manager, regarding the claims asserted herein. The Inyo County Board of Supervisors is the "governing body" for the COUNTY OF INYO and the INYO COUNTY SHERIFF'S OFFICE. The government claim was rejected by operation of law.

3. Venue is proper in the United State District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because the Defendants are located in the Eastern District of California and because many of the acts and/or omissions described in this Complaint occurred in the Eastern District of California.

4. Intradistrict venue is proper in the Fresno Division of the Eastern District of California pursuant to Local Rule 120(d) because the claims asserted herein arise from acts and/or omissions which occurred in the County of Inyo, California.

**PARTIES**

5. Plaintiff MELISSA M. NEYLON is a resident of the State of California, County of Fresno.

6. Plaintiff SHAWN P. NEYLON is the husband of Plaintiff MELISSA M. NEYLON and is a resident of the State of California, County of Fresno.

7. Defendant COUNTY OF INYO is a "public entity" within the definition of California Government Code section 811.2.

8. Defendant INYO COUNTY SHERIFF'S OFFICE is a "public entity" within the definition of California Government Code section 811.2.

9. Defendant BILL LUTZE ("LUTZE") is, and at all material times herein was, the Sheriff of the COUNTY OF INYO, employed by Defendants COUNTY OF INYO and INYO COUNTY SHERIFF'S OFFICE, acting within the scope of that agency or employment and under color of state law. Defendant LUTZE is sued in his individual capacity.

10. Defendant DOUGLAS RICHARDS ("RICHARDS") is, and at all material times herein was, a sergeant employed by Defendants COUNTY OF INYO and INYO COUNTY SHERIFF'S OFFICE, acting within the scope of that agency or employment and under color of state law. Defendant RICHARDS is sued in his individual capacity.

11. Defendant DOES 1 to 50 are and/or were agents or employees of Defendants COUNTY

2

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Neylon v. County of Inyo*; United States District Court, Eastern District of California, Case No. _____

OF INYO and/or INYO COUNTY SHERIFF'S OFFICE, and acted within the scope of that agency or employment and under color of state law. The true and correct names of DOES 1 to 50 are not now known to Plaintiffs who sue such Defendants by their fictitious names. Plaintiffs will substitute the true and correct names of said Defendants when the same are ascertained.

## GENERAL ALLEGATIONS

12. At all times relevant herein, all wrongful acts and/or omissions described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

13. On December 4, 2015, Plaintiff MELISSA M. NEYLON was arrested at the Inyo County Jail by Defendants RICHARDS and DOES 1 to 25, employees of Defendants COUNTY OF INYO and INYO COUNTY SHERIFF'S OFFICE. Plaintiff MELISSA M. NEYLON was lawfully at the Inyo County Jail for the purpose of her employment at the time she was arrested.

14. Plaintiff MELISSA M. NEYLON was arrested and imprisoned based on an outstanding felony warrant from the State of Indiana for "Melissa Chapman."

15. Plaintiff MELISSA M. NEYLON was mistakenly identified by Defendants RICHARDS and DOES 1 to 25 as the subject of the warrant, "Melissa Chapman."

16. Plaintiff MELISSA M. NEYLON's association with the Indiana warrant was solely based on an alleged "hit" on one of her former legal names, after it was run through a database by Defendant DOES 1 to 25. The name-matching "hit" did not provide a sufficient basis for Plaintiff MELISSA M. NEYLON's arrest and imprisonment, because Defendants RICHARDS and DOES 1 to 25 only subsequently received information about the height, weight, hair, eye color, and date of birth of the subject of the Indiana warrant, after Plaintiff MELISSA M. NEYLON had been arrested and imprisoned.

17. Even those details that were subsequently obtained by Defendants RICHARDS and DOES 1 to 25, including the height, weight, hair, eye color, and date of birth of "Melissa Chapman," the subject associated with the Indiana warrant, were not conclusive or sufficiently similar to Plaintiff MELISSA M. NEYLON.

18. Plaintiff MELISSA M. NEYLON was imprisoned and subsequently charged with a felony crime, based on the Indiana warrant.

19. On December 18, 2015, at an "identity hearing" occurring before the Superior Court of

3

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Neylon v. County of Inyo*; United States District Court, Eastern District of California, Case No. _____

California for the County of Inyo, Judge Brian Lamb presiding, Defendant RICHARDS testified that there was a "Live Scan" fingerprint match between Plaintiff MELISSA M. NEYLON and "Melissa Chapman," the subject of the Indiana warrant. Defendant RICHARDS' testimony was false and constituted a material misrepresentation to the court.

20. There was no fingerprint match between Plaintiff MELISSA M. NEYLON and "Melissa Chapman," the subject of the Indiana warrant.

21. Based on Defendant RICHARDS' misrepresentation to the court, Judge Lamb decided to continue to hold Plaintiff MELISSA M. NEYLON in custody.

22. On December 21, 2016, Plaintiff MELISSA M. NEYLON was released from custody when Defendants COUNTY OF INYO and INYO COUNTY SHERIFF'S OFFICE County of Inyo and its employees understood that Plaintiff MELISSA M. NEYLON was not, in fact, "Melissa Chapman," the subject of the Indiana warrant.

23. Plaintiff MELISSA M. NEYLON spent 17 days in jail. As a result, she missed weeks of work and time with her family, was required to incur various expenses associated with defending herself against improperly-initiated criminal proceedings, and suffered and continues to suffer severe emotional distress as a result of being wrongfully arrested, charged, and incarcerated.

24. Plaintiff MELISSA M. NEYLON suffers from the stigma of having been identified as criminal, arrested, criminally charged, and incarcerated for crimes that she did not commit. The injuries she has sustained rise to the level of post-traumatic stress disorder. She is frequently brought to tears because of the experience related to being falsely arrest and imprisoned. She has found it hard to feel safe and secure during her employment following the incident, where she once did prior to her experience related to being falsely arrest and imprisoned.

25. Plaintiff MELISSA M. NEYLON's injury was sufficiently serious and disabling such that the marital/conjugal relationship between her and her husband, Plaintiff SHAWN P. NEYLON, has been more than superficially or temporarily impaired.

26. Plaintiff SHAWN P. NEYLON suffered a loss of consortium, both during and following the false arrest and imprisonment of his wife, Plaintiff MELISSA M. NEYLON. Specifically, Plaintiff SHAWN P. NEYLON suffered a loss of companionship, emotional support, love, and felicity.

4

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Neylon v. County of Inyo*; United States District Court, Eastern District of California, Case No. _____

**POLICY, CUSTOM, OR PRACTICE ALLEGATIONS**

27. Defendant LUTZE, acting as Sheriff, is, and at all relevant times was, a policy-making authority for Defendants COUNTY OF INYO and INYO COUNTY SHERIFF'S OFFICE, as it relates to the maintenance of policies, customs, and/or practices and training, supervision, and/or discipline of agents, employees, and subordinates of Defendants COUNTY OF INYO, INYO COUNTY SHERIFF'S OFFICE, and LUTZE.

28. Defendant DOES 26 to 50 are, and at all relevant times were, employed by Defendant COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, and LUTZE in a supervisory capacity, and have been delegated authority related to the maintenance of policies, customs, and/or practices and training, supervision, and/or discipline of agents, employees, and subordinates of Defendants COUNTY OF INYO, INYO COUNTY SHERIFF'S OFFICE, and LUTZE.

29. Defendants COUNTY OF INYO, INYO COUNTY SHERIFF'S OFFICE, LUTZE, and DOES 26 to 50 knew, or should have known, that they maintained inadequate policies, customs, and/or practices, and employees under their command, including Defendants RICHARDS and DOES 1 to 25, were inadequately trained, supervised, and/or disciplined, regarding (1) misidentification of persons, through failure to investigate and confirm identity of the subject of an arrest warrant prior to effectuating arrest and/or incarceration pursuant to that warrant; and (2) misidentified persons' complaints that they had been misidentified and improperly arrested/or incarcerated.

30. Defendants COUNTY OF INYO, INYO COUNTY SHERIFF'S OFFICE, LUTZE, and DOES 26 to 50 failed to maintain adequate policies, customs, and/or practices, and failed to implement adequate training, supervision, and/or discipline regarding instances where (1) persons were misidentified, through failure to investigate and confirm identity of the subject of an arrest warrant prior to effectuating arrest and/or incarceration pursuant to that warrant; and (2) misidentified persons' complaints that they had been misidentified and improperly arrested/or incarcerated. Defendants COUNTY OF INYO, INYO COUNTY SHERIFF'S OFFICE, LUTZE, and DOES 26 to 50 were either aware of the non-existence or inadequacy of such policies, customs, and/or practices and training, supervision, and/or discipline, believing, mistakenly, that they were not necessary, or were deliberately indifferent to their non-existence.

5

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Neylon v. County of Inyo*; United States District Court, Eastern District of California, Case No. _____

31. The inadequacy of Defendants COUNTY OF INYO, INYO COUNTY SHERIFF'S OFFICE, LUTZE, and DOES 26 to 50's policies, customs, and/or practices and training, supervisor, and/or discipline, and the need for adequate training, supervisor, and/or discipline, was patently obvious, due to the frequency that Defendants' subordinates utilize arrest warrants to arrest and/or incarcerate persons, and Defendants were on actual or constructive notice that their inadequate training, supervisor, and/or discipline would result in the highly predictable consequence of constitutional violations of those persons with whom their subordinates came into contact.

32. Defendants COUNTY OF INYO, INYO COUNTY SHERIFF'S OFFICE, LUTZE, and DOES 26 to 50's acquiescence in or deliberate indifference to the maintenance of such inadequate policies, customs, and/or practices and training, supervisor, and/or discipline contributed to and was the moving force behind Defendants RICHARDS and DOES 1 to 25's misidentification of Plaintiff MELISSA M. NEYLON and their failure to investigate her true identity and her claims that she was not the subject of the warrant that she was arrested and imprisoned pursuant to, because those Defendants' actions and inactions were not governed by adequate policies, customs, and/or practices and they were not adequately trained, supervised, and/or disciplined in a manner that would have prevented the highly predictable consequence of the violation of Plaintiff MELISSA M. NEYLOND's Fourth and Fourteenth Amendment rights under the United States Constitution.

## FIRST CLAIM

### False Arrest/Imprisonment

**(Fourth & Fourteenth Amendments to the United States Constitution; 42 U.S.C. § 1983)**

33. The First Claim is asserted by Plaintiff MELISSA NEYLON against Defendants DOUGLAS RICHARDS and DOES 1 to 25.

34. Plaintiff realleges and incorporates the allegations of the preceding paragraphs 12 to 26 of this Complaint, to the extent relevant, as if fully set forth in this Claim.

35. Defendants, acting or purporting to act in the performance of their official duties as law enforcement officers, falsely detained and arrested Plaintiff, without a warrant and without probable cause.

36. Defendants' false arrest and imprisonment involved reckless or callous indifference to

6

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Neylon v. County of Inyo*; United States District Court, Eastern District of California, Case No. _____

Plaintiff's Fourth and Fourteenth Amendment rights secured by the United States Constitution, or was wantonly or oppressively done.

37. As a direct and proximate result of the Defendants' actions, Plaintiff suffered injuries entitling her to receive compensatory and punitive damages against Defendants.

WHEREFORE, Plaintiff prays for relief as hereunder appears.

## SECOND CLAIM

### Unreasonable Force

**(Fourth & Fourteenth Amendments to the United States Constitution; 42 U.S.C. § 1983)**

38. The Second Claim is asserted by Plaintiff MELISSA M. NEYLON against DOES 1 to 25.

39. Plaintiff realleges and incorporates the allegations of the preceding paragraphs 12 to 26 of this Complaint, to the extent relevant, as if fully set forth in this Claim.

40. Defendants, acting or purporting to act in the performance of their official duties as law enforcement officers, used unreasonable force to detain and arrest Plaintiff.

41. Defendants' use of unreasonable force to detain and arrest Plaintiff involved reckless or callous indifference to Plaintiff's Fourth and Fourteenth Amendment rights secured by the United States Constitution, or was wantonly or oppressively done.

42. As a direct and proximate result of the Defendants' actions, Plaintiff suffered injuries entitling her to receive compensatory and punitive damages against Defendants.

WHEREFORE, Plaintiff prays for relief as hereunder appears.

## THIRD CLAIM

### Inadequate Investigation

**(Fourteenth Amendment to the United States Constitution; 42 U.S.C. § 1983)**

43. The Third Claim is asserted by Plaintiff MELISSA M. NEYLON against Defendants BILL LUTZE, DOUGLAS RICHARDS, and DOES 1 to 25.

44. Plaintiff realleges and incorporates the allegations of the preceding paragraphs 12 to 26 of this Complaint, to the extent relevant, as if fully set forth in this Claim.

45. Defendants, acting or purporting to act in the performance of their official duties as law enforcement officers, failed adequately to investigate Plaintiff's claims that she was not the subject of the

7

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Neylon v. County of Inyo*; United States District Court, Eastern District of California, Case No. _____

warrant on which she was arrested and imprisoned. Further investigation was warranted into Plaintiff's identity, and would have required minimal burden, based on the information within Defendants' custody, control, or possession. Further investigation would have revealed that Plaintiff was not the subject of the warrant on which she was arrested and imprisoned.

46. Defendants' inadequate investigation of Plaintiff's identity involved reckless or callous indifference to Plaintiff's Fourteenth Amendment rights secured by the United States Constitution, or was wantonly or oppressively done.

47. As a direct and proximate result of the Defendants' actions, Plaintiff suffered injuries entitling her to receive compensatory and punitive damages against Defendants.

WHEREFORE, Plaintiff prays for relief as hereunder appears.

## FOURTH CLAIM

## Inadequate Policies, Customs, or Practices

### (Fourteenth Amendment to the United States Constitution; 42 U.S.C. § 1983)

48. The Fourth Claim is asserted by Plaintiff MELISSA M. NEYLON against Defendants COUNTY OF INYO, INYO COUNTY SHERIFF'S OFFICE, BILL LUTZE, and DOES 26 to 50.

49. Plaintiff realleges and incorporates the allegations of the preceding paragraphs 12 to 32 of this Complaint, to the extent relevant, as if fully set forth in this Claim.

50. Defendants LUTZE and DOES 26-50, acting or purporting to act in the performance of their official duties as policy-making authorities on behalf of Defendant COUNTY OF YOLO and YOLO COUNTY SHERIFF'S OFFICE, maintained inadequate policies, customs, or practices permitting or deliberately indifferent to (1) misidentification of persons, through failure to investigate and confirm identity of the subject of an arrest warrant prior to effectuating arrest and/or incarceration pursuant to that warrant; (2) misidentified persons' complaints that they had been misidentified and improperly arrested/or incarcerated. Those inadequate policies, customs, or practices were the moving force behind the violation of Plaintiff's Fourth and Fourteenth Amendment rights secured by the United States Constitution.

51. The inadequacy of Defendants' policies, customs, or practices, and the need for such adequate policies, customs, or practices, was patently obvious, due to the frequency that Defendants'

8

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Neylon v. County of Inyo*; United States District Court, Eastern District of California, Case No. _____

subordinates utilize arrest warrants to arrest and/or incarcerate persons, and Defendants were on actual or constructive notice that their inadequate policies, customs, or practices would result in the highly predictable consequence of constitutional violations of those persons with whom their subordinates came into contact.

52. Defendant LUTZE and DOES 26 to 50's maintenance of inadequate policies, customs, or practices identified involved reckless or callous indifference to Plaintiff's Fourth and Fourteenth Amendment rights secured by the United States Constitution, or was wantonly or oppressively done.

53. As a direct and proximate result of the Defendants' actions and inactions, Plaintiffs suffered injuries entitling them to receive compensatory damages against those Defendants, and punitive damages against Defendants LUTZE and DOES 26 to 50.

WHEREFORE, Plaintiff prays for relief as hereunder appears.

## FIFTH CLAIM

### Inadequate Training, Supervision, or Discipline

**(Fourteenth Amendment to the United States Constitution; 42 U.S.C. § 1983)**

54. The Fifth Claim is asserted by Plaintiff MELISSA M. NEYLON against Defendants COUNTY OF INYO, INYO COUNTY SHERIFF'S OFFICE, BILL LUTZE, and DOES 26 to 50.

55. Plaintiff realleges and incorporates the allegations of the preceding paragraphs 12 to 32 of this Complaint, to the extent relevant, as if fully set forth in this Claim.

56. Defendants LUTZE and DOES 26-50, acting or purporting to act in the performance of their official duties as policy-making authorities on behalf of Defendant COUNTY OF YOLO and YOLO COUNTY SHERIFF'S OFFICE, maintained inadequate training, supervisor, and/or discipline permitting or deliberately indifferent to (1) misidentification of persons, through failure to investigate and confirm identity of the subject of an arrest warrant prior to effectuating arrest and/or incarceration pursuant to that warrant; (2) misidentified persons' complaints that they had been misidentified and improperly arrested/or incarcerated. Those inadequate policies, customs, or practices were the moving force behind the violation of Plaintiff's Fourth and Fourteenth Amendment rights secured by the United States Constitution.

57. The inadequacy of Defendants' training, supervisor, and/or discipline, and the need for

9

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Neylon v. County of Inyo*; United States District Court, Eastern District of California, Case No. _____

adequate training, supervisor, and/or discipline, was patently obvious, due to the frequency that Defendants' subordinates utilize arrest warrants to arrest and/or incarcerate persons, and Defendants were on actual or constructive notice that their inadequate training, supervisor, and/or discipline would result in the highly predictable consequence of constitutional violations of those persons with whom their subordinates came into contact.

58. Defendant LUTZE and DOES 26 to 50's inadequate training, supervisor, and/or discipline identified involved reckless or callous indifference to Plaintiff's Fourth and Fourteenth Amendment rights secured by the United States Constitution, or was wantonly or oppressively done.

59. As a direct and proximate result of the Defendants' actions and inactions, Plaintiffs suffered injuries entitling them to receive compensatory damages against those Defendants, and punitive damages against Defendants LUTZE and DOES 26 to 50.

WHEREFORE, Plaintiff prays for relief as hereunder appears.

## SIXTH CLAIM

### False Arrest/Imprisonment

### (California Government Code Sections 815.2(a) and 820(a))

60. The Sixth Claim is asserted by Plaintiff MELISSA M. NEYLON against Defendants COUNTY OF INYO, INYO COUNTY SHERIFF'S OFFICE, DOUGLAS RICHARDS, and DOES 1 to 25.

61. Plaintiff realleges and incorporates the allegations of the preceding paragraphs 12 to 26 of this Complaint, to the extent relevant, as if fully set forth in this Claim.

62. Defendants, acting or purporting to act in the performance of their official duties as law enforcement officers, falsely detained and arrested Plaintiff, without a warrant and without probable cause.

63. Defendants COUNTY OF INYO and INYO COUNTY SHERIFF'S OFFICE are vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment.

64. Defendants RICHARDS and DOES 1 to 25's actions constituted oppression and/or malice resulting in great harm to Plaintiff.

10

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Neylon v. County of Inyo*; United States District Court, Eastern District of California, Case No. _____

65. As a direct and proximate result of Defendants' actions, Plaintiff suffered injuries entitling her to receive compensatory damages against Defendants, and punitive damages against Defendants RICHARDS and DOES 1 to 25.

WHEREFORE, Plaintiff prays for relief as hereunder appears.

## SEVENTH CLAIM

### Assault/Battery

### (California Government Code Sections 815.2(a) and 820(a))

66. The Seventh Claim is asserted by Plaintiff MELISSA M. NEYLON against Defendants COUNTY OF INYO, INYO COUNTY SHERIFF'S OFFICE, DOUGLAS RICHARDS, and DOES 1 to 25.

67. Plaintiff realleges and incorporates the allegations of the preceding paragraphs 12 to 26 of this Complaint, to the extent relevant, as if fully set forth in this Claim.

68. Defendants, acting or purporting to act in the performance of their official duties as law enforcement officers, intentionally touched Plaintiff when they used unreasonable force to arrest and imprison her, and she did not consent to the use of that force.

69. Defendants COUNTY OF INYO and INYO COUNTY SHERIFF'S OFFICE are vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment.

70. Defendants RICHARDS and DOES 1 to 25's actions constituted oppression and/or malice resulting in great harm to Plaintiff.

71. As a direct and proximate result of Defendants' actions, Plaintiff suffered injuries entitling her to receive compensatory damages against Defendants, and punitive damages against Defendants RICHARDS and DOES 1 to 25.

WHEREFORE, Plaintiff prays for relief as hereunder appears.

## EIGHTH CLAIM

### Intentional Infliction of Emotional Distress

### (California Government Code Sections 815.2(a) and 820(a))

72. The Eighth Claim is asserted by Plaintiff MELISSA M. NEYLON against Defendants

11

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Neylon v. County of Inyo*; United States District Court, Eastern District of California, Case No. _____

COUNTY OF INYO, INYO COUNTY SHERIFF'S OFFICE, DOUGLAS RICHARDS, and DOES 1 to 25.

73. Plaintiff realleges and incorporates the allegations of the preceding paragraphs 12 to 26 of this Complaint, to the extent relevant, as if fully set forth in this Claim.

74. Defendants' conduct, as alleged, acting or purporting to act in the performance of their official duties as law enforcement officers, was outrageous and, as a result of those Defendants' outrageous conduct, Plaintiff did suffer severe emotional distress.

75. Defendants COUNTY OF INYO and INYO COUNTY SHERIFF'S OFFICE are vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment.

76. Defendants RICHARDS and DOES 1 to 25's actions and inactions constituted oppression and/or malice resulting in great harm to Plaintiff.

77. As a direct and proximate result of Defendants' actions, Plaintiff suffered injuries entitling her to receive compensatory damages against Defendants, and punitive damages against Defendants RICHARDS and DOES 1 to 25.

WHEREFORE, Plaintiff prays for relief as hereunder appears.

## NINTH CLAIM

### Negligence

### (California Government Code Sections 815.2(a) and 820(a))

78. The Ninth Claim is asserted by Plaintiff MELISSA M. NEYLON against Defendants COUNTY OF INYO, INYO COUNTY SHERIFF'S OFFICE, BILL LUTZE, DOUGLAS RICHARDS, and DOES 1 to 50.

79. Plaintiff realleges and incorporates the allegations of the preceding paragraphs 12 to 32 of this Complaint, to the extent relevant, as if fully set forth in this Claim.

80. Defendants RICHARDS and DOES 1 to 25, acting or purporting to act in the performance of their official duties as law enforcement officers, owed Plaintiff a duty of care to not unreasonably and unlawfully arrest and imprison her. Defendants LUTZE and DOES 26 to 50 owed Plaintiff a duty of care to maintain adequate policies, customs, and/or practices and training, supervision, and/or discipline

12

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Neylon v. County of Inyo*; United States District Court, Eastern District of California, Case No. _____

regarding (1) misidentification of persons, through failure to investigate and confirm identity of the subject of an arrest warrant prior to effectuating arrest and/or incarceration pursuant to that warrant; and (2) misidentified persons' complaints that they had been misidentified and improperly arrested/or incarcerated. Defendants breached their duties of care.

81. Defendants COUNTY OF INYO and INYO COUNTY SHERIFF'S OFFICE are vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment.

82. Defendants LUTZE, RICHARDS, and DOES 1 to 50's actions and inactions constituted oppression and/or malice resulting in great harm to Plaintiff.

83. As a direct and proximate result of the Defendants' actions or inactions, Plaintiff suffered injuries entitling her to receive compensatory damages against Defendants, and punitive damages against Defendants LUTZE, RICHARDS, and DOES 1 to 50.

WHEREFORE, Plaintiff prays for relief as hereunder appears.

## TENTH CLAIM

### Loss of Consortium

### (California Government Code Sections 815.2(a) and 820(a))

84. The Tenth Claim is asserted by Plaintiff SHAWN P. NEYLON against Defendants COUNTY OF INYO, INYO COUNTY SHERIFF'S OFFICE, BILL LUTZE, DOUGLAS RICHARDS, and DOES 1 to 50.

85. Plaintiff realleges and incorporates the allegations of the preceding paragraphs 12 to 83 of this Complaint, to the extent relevant, as if fully set forth in this Claim.

86. Plaintiff MELISSA M. NEYLON is, and at all times relevant herein was, the valid and legal spouse of Plaintiff SHAWN P. NEYLON. Defendants tortuously injured Plaintiff MELISSA M. NEYLON, causing Plaintiff SHAWN P. NEYLON to suffer a loss of consortium.

87. Defendants COUNTY OF INYO and INYO COUNTY SHERIFF'S OFFICE are vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment.

88. Defendants LUTZE, RICHARDS, and DOES 1 to 50's actions and inactions constituted

13

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Neylon v. County of Inyo*; United States District Court, Eastern District of California, Case No. _____

oppression and/or malice resulting in great harm to Plaintiff.

89. As a direct and proximate result of the Defendants' actions or inactions, Plaintiff suffered injuries entitling him to receive compensatory damages against Defendants, and punitive damages against Defendants LUTZE, RICHARDS, and DOES 1 to 50.

WHEREFORE, Plaintiff prays for relief as hereunder appears.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs MELISSA M. NEYLON and SHAWN P. NEYLON seek Judgment as follows:

1. An award of compensatory, general, and special damages, according to proof at trial;

2. An award of exemplary/punitive damages against Defendants BILL LUTZE, DOUGLAS RICHARDS, and DOES 1 to 50, in an amount sufficient to deter and to make an example of them, because their actions and/or inactions, as alleged, were motivated by evil motive or intent, involved reckless or callous indifference to the federally protected rights of Plaintiffs, or were wantonly or oppressively done, and constituted oppression and/or malice resulting in great harm to Plaintiffs;

3. An award of Plaintiffs' reasonable attorneys' fees and costs, pursuant to United States Code, title 42, section 1988, California Civil Procedure Code section 1021.5, California Civil Code section 52.1, and any other statute as may be applicable; and

4. An award of any other further relief, as the Court deems fair, just, and equitable.

Dated: May 20, 2016                                  Respectfully Submitted,

By: _____
Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:      (916) 443-6911
Facsimile:       (916) 447-8337

Attorneys for Plaintiffs
MELISSA M. NEYLON and
SHAWN P. NEYLON

14

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Neylon v. County of Inyo*; United States District Court, Eastern District of California, Case No. _____

## JURY TRIAL DEMAND

A JURY TRIAL IS DEMANDED on behalf of Plaintiffs MELISSA M. NEYLON and SHAWN P. NEYLON.

Dated: May 20, 2016                    Respectfully Submitted,

By: _____
Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:     (916) 443-6911
Facsimile:      (916) 447-8337

Attorneys for Plaintiffs
MELISSA M. NEYLON and
SHAWN P. NEYLON

15

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Neylon v. County of Inyo*; United States District Court, Eastern District of California, Case No. _____