Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:  (916) 443-6911
Facsimile:  (916) 447-8336
E-Mail:  mark@markmerin.com
        paul@markmerin.com

Attorneys for Plaintiffs
MELISSA M. NEYLON and
SHAWN P. NEYLON

**P O R T E R  |  S C O T T**
A PROFESSIONAL CORPORATION
Carl L. Fessenden, SBN 161494
Jeffrey A. Nordlander, SBN 308929
350 University Avenue, Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants
COUNTY OF INYO, BILL LUTZE,
and DOUGLAS RICHARDS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| MELISSA M. NEYLON, et al.,<br><br>          Plaintiffs,<br><br>vs.<br><br>COUNTY OF INYO, et al.,<br><br>          Defendants. | Case No. 1:16-cv-00712-AWI-JLT<br><br>**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER**<br><br>**(Doc. 31)** |

**1.    PURPOSE AND LIMITATIONS**

Disclosure and discovery activity in this action could potentially to involve production of confidential or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to

1

discovery and that the protection it affords from public disclosure and use extends <u>only</u> to the limited information or items that are entitled to confidential treatment under Fed. R. Civ. P. 26(c). The parties further acknowledge that this Stipulated Protective Order does <u>not</u> entitle them to file confidential information under seal; E.D. Cal. L.R. 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

**2.  DEFINITIONS**

2.1  <u>Challenging Party</u>: a Party to this litigation that challenges the designation of information or items under this Order.

2.2  <u>"CONFIDENTIAL" Information</u> or <u>"CONFIDENTIAL" Item</u>: information or tangible things that qualify for protection under Fed. R. Civ. P. 26(c).

2.3  <u>Counsel</u> (without qualifier): Counsel of Record (as well as their support staff).

2.4  <u>Designating Party</u>: a Party to this litigation that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5  <u>Disclosure Material</u> or <u>Discovery Material</u>: any item or information that is produced or generated in disclosures or responses to discovery in this matter.

2.6  <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party to this litigation or its Counsel to serve as an expert witness or as a consultant in this action.

2.7  <u>Party</u>: any Party to this litigation, including its officers, directors, employees, consultants, retained experts, and Counsel of Record (and their support staff).

2.8  <u>Producing Party</u>: a Party to this litigation that produces Disclosure Material or Discovery Material in this action.

2.9  <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.10  <u>Protected Material</u>: any Disclosure Material or Discovery Material that is designated as "CONFIDENTIAL" by a Producing Party.

2

**STIPULATED PROTECTIVE ORDER**
*Neylon v. County of Inyo*; United States District Court, Eastern District of California, Case No. 1:16-cv-00712-AWI-JLT

2.11    Receiving Party: a Party to this litigation that receives Disclosure Material or Discovery Material from a Producing Party.

## 3.    SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by a Party or their Counsel that might reveal Protected Material.

The protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; or (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## 4.    DURATION

The confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs. Final disposition shall be deemed to be the later of (a) dismissal of all claims and defenses in this action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection: Each Party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualities under Fed. R. Civ. P. 26(c). The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications

3

**STIPULATED PROTECTIVE ORDER**
*Neylon v. County of Inyo*; United States District Court, Eastern District of California, Case No. 1:16-cv-00712-AWI-JLT

for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

A party may only designate as "CONFIDENTIAL" Information or Items which it has determined in good faith to be sufficient to justify the Court's entry of a protective order pursuant to Fed. R. Civ. P. 26(c) and E.D. Cal. L.R. 141.1.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be without substantial justification or that have been made for an improper purpose (*e.g.*, to impose unnecessary expenses and burdens on other parties) shall subject the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>: Except as otherwise provided in this Stipulated Protective Order, or as otherwise stipulated or ordered, Disclosure Material or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly designated before the material is disclosed or produced. In the absence of substantial unfairness, economic burden, or a significant disruption or delay of the litigation, a Party does not waive its right to designate material as "CONFIDENTIAL" by not doing so before disclosure or production upon a showing of reasonable cause.

Designation in conformity with this Order requires:

(a)     for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pre-trial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins). A Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing

4

**STIPULATED PROTECTIVE ORDER**
*Neylon v. County of Inyo*; United States District Court, Eastern District of California, Case No. 1:16-cv-00712-AWI-JLT

Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding all protected testimony.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party shall identify the protected portion(s).

5.3     <u>Non-Designation</u>: A Party's non-designation of any information or item implies that it is not Protected Material.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     <u>Timing of Challenges</u>: Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Timing of Motion for Protective Order</u>: Within ten (10) calendar days of a Challenging Party's challenge to the Producing Party's designation, the Producing Party must move for a protective order pursuant to E.D. Cal. L.R. 251, if it seeks to maintain the Protected Material's designation as "CONFIDENTIAL" and subject to this Stipulated Protective Order. If the Producing Party fails to move for a protective order within the specified ten (10) calendar days, the Producing Party automatically waives each challenged Protected Material's designation as "CONFIDENTIAL" and subject to this Stipulated Protective Order.

6.3     <u>Judicial Intervention</u>: If the Parties cannot resolve a challenge without Court intervention, the

5

Producing Party's motion for protective order must be accompanied by a competent declaration affirming that the movant has complied with section 5.1 of this Stipulated Protective Order ("Exercise of Restraint and Care in Designating Material for Protection"). Nothing in Stipulated Protective Order precludes a Challenging Party from filing a separate or parallel motion challenging a confidentiality designation at any time, if there is good cause for doing so.

Nothing in this Stipulated Protective Order changes or modifies the Designating Party's burden of persuasion or substantive or procedural obligation in any such confidentiality challenge proceeding, pursuant to Fed. R. Civ. P. 26(c) and E.D. Cal. L.R. 141.1. Unless the Designating Party has waived the confidentiality designation by failing to file a motion for protective order, as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     <u>Basic Principles</u>: A Receiving Party may use Protected Material that is disclosed or produced by another Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    (a)     the Receiving Party's Counsel of Record in this action;

    (b)     the officers, directors, and employees/staff of the Receiving Party;

    (c)     Experts of the Receiving Party;

    (d)     the Court and its personnel;

    (e)     Court reporters and their employees/staff, professional jury or trial consultants, mock jurors, and Professional Vendors;

    (f)     witnesses in the action, during their deposition, unless otherwise agreed by the

6

**STIPULATED PROTECTIVE ORDER**
*Neylon v. County of Inyo*; United States District Court, Eastern District of California, Case No. 1:16-cv-00712-AWI-JLT

Designating Party or ordered by the Court; and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

IT IS SO STIPULATED.

Dated: December 20, 2016                    Respectfully Submitted,

/s/ Mark E. Merin

By: _____
Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814

Attorneys for Plaintiffs
MELISSA M. NEYLON and
SHAWN P. NEYLON

Dated: December 19, 2016                    Respectfully Submitted,

/s/ Jeffrey A. Nordlander
(as authorized on December 19, 2016)
By: _____
Carl L. Fessenden
Jeffrey A. Nordlander
**PORTER | SCOTT**
350 University Avenue, Suite 200
Sacramento, California 95825

Attorneys for Defendants
COUNTY OF INYO, BILL LUTZE, and
DOUGLAS RICHARDS

IT IS SO ORDERED.

Dated: **December 21, 2016**          **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

7

**STIPULATED PROTECTIVE ORDER**
*Neylon v. County of Inyo*; United States District Court, Eastern District of California, Case No. 1:16-cv-00712-AWI-JLT